Locke
 
 — Judge,
 

 delivered the opinion of the Court. — The cases cited by complainant’s counsel proving that notice to an agent is deemed m law notice to the principal arc not to be controverted j but whilst the Court admit the correctness of the decision in fIsesc cases, they think them inapplicable to the case now before the Court, and cannot consider the surveyor in the light of an agent of the defendant. In all cases of constructive notice, it is necessary there should be a special trust and confidence reposed in the agent either at the lime of the particular transaction or after by the acceptance of the purchase
 
 by the
 
 principal, though cases cited from Equity Cases Abridged, embrace two principles. The first class of cases go to shew1 that if a scrivener or attorney wlio draws a mortgage to secure the payment of money, had notice of a prior mortgagee, ibis’ shall be constructive notice to the last mortgagee. And why ? Because the mortgage selects' the scrivener or attorney from his knowledge of his integrity and candour; and being one of his o.wn choice, the law presumes that whatever is known to such attorney, will he fairly and honestly communicated to liis client, and that such attorney will not suffer the friend who places this confidence in his integrity, skill and honesty, to be defrauded. — The second class of cases shew, that where the father or other person, having notice that lands were contracted to be sold, purchases the lands and takes a deed to his son and heirs. Here it is said, there is no trust dr sonfidence placed in the father by the sop and yet siscft
 
 *123
 
 notice shall effect the son. But it is observable that Lore the conveyance is merely voluntary, nothing h-ing paid by the smj towards this land ; and the case óf Manull vs. Ma-uull, 2 Wills. 613, shews that if persons claiming under a breach of trust have notice of it, they are subject to the same trust: So if the conveyance be voluntary and without valuable consideration; 3 Eq, A. B. 685 Neither <>f thep classes of cavsess, in the opinion of the Court, ought to govern this case. The first ought not, because the surveyor is a public officer, to whom the individual must resort tp have his business transacted, and there is no particular trust or confidence existing between the surveyor and the man who employs him as a public office? to survey an entry land. The second ought not; because here the defendant was a purchaser for a valuable consideration, and as he states in his answer, without notice; and notice to the surveyor does not eifect him, because not within the reason and grounds upon which notice to an agent is to be deemed notice to the principal.
 

 As to the second ground taken to prove notice to defendant, to-wit: That there was an
 
 improvement
 
 on the land, and that Gadbury was residing thereon previous to the entry and survey made by defendant; the Court have looked into the evidence upon this point and find that it was satis* factorily proved that Gadbury contracted with White to live on the land for the consideration expressed in the statement of this case; it was also proved and by the deposition of Gadbury himself, that he never considered himself the tenant of White, but that he resided on the land in his own right. The Court are of opinion, that although Gadbury made this contract with White, yet as Gadbury afterwards claimed the land in question in his own right, and there being no evidence whatever, to show that defendant ever knew this improvement to belong to White, it ought not to amount to notice to him. For on seeing the improvement and Gad. bury residing thereon, his enquiries would naturally bedi*
 
 *124
 
 rccted to Gadbury respecting the right» and as Gadbur/ swears that he did not consider the improvement to belong £o White, the inference to be drawn would be, that it was Gadbury’s, and when he abandoned it, might well be entered by defendantSvithout any notice of complainant’s equitable title»
 

 The Court are also of opinion that the books of the entry taker ought not to amount'to notice; first, because most entries are made in so loose and vague a manner, that they do not furnish any sufficient evidence of the precise land entered ; and secondly, because all the acts of Assembly respecting titles to land, though they do not prescribe a precise and limited time for surveying and obtaining grants; yet hold out the idea of one or two years ; or at least, that the grants should issue within a reasonable time, Iredell’s Revisa!, 296, 293, 351, 368 — It would therefore only direct the attention of the enterer/o such entries as had been made ■within one, two or three years at most, and ought' not to operate in a case like the present, when a lapse of ten or eleven years intervened between the date of White’s entry and the time of his obtaining a- grant, and especially as White knew of defendant’s survey and -could have procured a suspension of his grant, and upon a caveat had his right fairly tried by a jury — As no notice is proved on defendant, tí¡e bilí must be dismissed with costs.